## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

ANTONIO GREER,

     Plaintiff,

v.                                                    Case No.   2:16-cv-2938

KUMAR TRANSPORTATION, INC.
d/b/a METRO/ADVANTAGE CAB COMPANY,
and JATIN KUMAR,

     Defendants.

---

### COMPLAINT UNDER THE FLSA

---

Plaintiff Antonio Greer, through his attorneys, brings this action against Defendants Kumar Transportation, Inc. d/b/a Metro/Advantage Cab Company and Jatin Kumar under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for failure to pay minimum wage.

### I. JURISDICTION

1.     This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

### II. FACTS

### A. Parties

2.     Plaintiff Antonio Greer is an adult resident of Memphis, Tennessee.  During the applicable statutory period, Plaintiff worked for Defendants in the mechanics depratment.

3.     Defendant Kumar Transportation, Inc. d/b/a Metro/Advantage Cab Company ("Metro Cab") is a for profit corporation formed and organized under Tennessee state law and

currently conducting business as a taxi and transportation company at 2240 Deadrick Avenue, Memphis, TN 38114.  At all relevant times herein, Defendant Metro Cab was an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

4.      Defendant Metro Cab is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

5.      Defendant Metro Cab is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.  Specifically, Defendant Metro Cab has annual sales of not less than $500,000.

6.      Defendant Jatin Kumar is the previous owner/operator of Metro Cab.  At all times herein, Defendant Jatin Kumar has been the employer of Plaintiff under the meaning of 29 U.S.C. § 203(d), since he has acted directly in the interest of Defendant Metro Cab in relation to establishing the terms and compensation of Plaintiff's employment, including but not limited to making the decision not to compensate Plaintiff at the federally prescribed minimum wage. Defendant Jatin Kumar is a resident of Memphis, Tennessee.

## B. Factual Allegations

7.      Plaintiff was employed by Defendants during the applicable statutory period.

Plaintiff Greer worked for Defendants from approximately August 2011 to August 2015.

8.      During the applicable statutory period, Defendants failed to pay Plaintiff the federal prescribed minimum wage.

9.      Plaintiff kept track of his time on a daily basis with Defendants' time clock.  The time clock records the time Plaintiff clocks in and the time Plaintiff clocks out.

10.     Plaintiff regularly worked from 8:00 a.m. to 4:00 p.m., Monday through Friday (40 hours per week), and received $500.00 in compensation every other week.

11.     Despite not receiving proper minimum wage, Plaintiff recorded the hours he worked on a daily basis.

12.     At this juncture, Plaintiff estimates that he has been deprived of unpaid wages of at least $3,680.00 during the relevant time period.

13.     Defendants' pay practices set forth above violate the minimum wage provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*  As a result, Plaintiff has sustained a loss of wages. Additionally, Defendants' conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendants knew, or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

14.     Additionally, Defendants were well aware that they were required to pay Plaintiff minimum wage, evidenced by the fact that Defendants maintained time records and regularly scheduled Plaintiff to work in excess of forty (40) hours per week.

15.     The foregoing conduct on the part of Defendants constitute a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for the fact that its compensation practices were in violation of federal law.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff in this action demands:

1.   Judgment against Defendants for an amount equal to unpaid back wages at the applicable rates;

2.   Judgment against Defendants that its violations of the FLSA were willful;

3.   An equal amount to Plaintiff's unpaid wages as liquidated damages;

4.   All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

5.   Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

6.   Leave to amend to add other defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d);

7.   An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and,

8.   For all such further relief as the Court deems just and equitable.


Respectfully submitted,


/s/ William B. Ryan
William B. Ryan – TN Bar #20269
Janelle C. Osowski – TN Bar #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
billy@donatilawfirm.com

ATTORNEYS FOR PLAINTIFF

Dated: 11.29.16